**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**PHILIP A. GIORDANO**                                    **PETITIONER**

**V.**                            **CIVIL ACTION NO. 3:22-cv-749-CWR-LGI**

**WARDEN UNKNWON BOULET**                          **RESPONDENT**

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

This cause is before the Court on a Motion to Compel filed by Petitioner Philip
Giordano following the Stipulation of Dismissal of his 28 U.S.C. § 2241 petition.
Giordano, a former attorney and mayor of Waterbury, Connecticut, was convicted in
2003 of two counts of civil rights violations under color of law in violation of 18 U.S.C. §
242; one count of conspiracy to use a facility of interstate commerce for the purpose of
enticing a person under the age of sixteen years to engage in sexual activity in violation
of 18 U.S.C. §§ 371 and 2425; and, eleven substantive counts of violating § 2425.
*United States v. Giordano*, 442 F.3d 30, 33 (2d Cir. 2006).  Giordano, whose convictions
stem from his repeated sexual abuse of his prostitute's 8-year-old daughter and 10-year-
old niece, is currently housed in the Federal Correctional Complex in Yazoo City,
Mississippi, serving a total of 444 months of imprisonment.  Giordano seeks to enforce
what he contends were the terms of his settlement agreement with the BOP concerning
his § 2241 petition.  Because this Court lacks jurisdiction, the undersigned recommends
that the motion be denied.

## FACTUAL AND PROCEDURAL BACKGROUND

On December 29, 2022, Giordano filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. As his sole claim, Giordano asserted that the BOP had wrongfully determined that he was ineligible for credit under The First Step Act based on coding errors listing the wrong statutory offenses in his inmate file (18 U.S.C. § 2241 and § 2248). The First Step Act ("FSA") provides that eligible inmates may earn FSA time credits towards pre-release custody (*i.e.*, home confinement or halfway house placement), or an early transfer to supervised release, if they complete BOP approved "evidence-based recidivism reduction programs or productive activities" that are assigned to the inmate based on the inmate's risk and needs assessment. 18 U.S.C. § 3621(h)(2). Not all prisoners, however, may earn FSA time credits. § 3632(d)(4)(A). A prisoner "is ineligible to receive time credits . . . if the prisoner is serving a sentence for a conviction" for one of the enumerated offenses in § 3632(d)(4)(D). None of those offenses, however, were offenses for which Giordano was convicted. As the sole basis for § 2241 relief, Giordano requested that he be deemed FSA eligible and retroactively awarded credits. Respondent agreed and the parties filed a stipulation of dismissal on June 7, 2023, dismissing the petition with prejudice under Fed. R. Civ. P. 41(a)(1)(A)(ii).

Six months later, Giordano filed the instant motion requesting that this Court compel Respondent to fully comply with the parties' stipulated agreement. According to Giordano, BOP Counsel Joshua Robles, Supervisory Attorney for the Consolidated Legal Center at the FCC Yazoo, orally agreed to correct the "collateral effects" of the coding error by (1) changing Giordano's status to "eligible" for FSA benefits; (2) crediting

Giordano all pre-custody release credits and retroactively accumulated residential reentry center ("RRC")/ home confinement ("HC") credits; (3) removing the Adam Walsh Child Protection and Safety Act ("Walsh Act") and Public Safety Factor ("PSF") Sex Offender designations from his inmate file; and, (4) removing any points added as a result to his score under the Prisoner Assessment Tool Targeting Estimated Risks and Needs ("PATTERN").  Both sides agree that Respondent has complied with the first two.[1] However, Giordano contends that Respondent has not fully complied because his designations and PATTERN score remain the same.  Respondent denies that these terms were part of the settlement agreement and submits an affidavit from BOP Counsel in support.  Respondent further contends that this Court lacks jurisdiction because the parties' stipulation did not retain jurisdiction, and because this Court is without subject matter jurisdiction.

## DISCUSSION

Giordano's motion fails for several reasons.  An action to enforce a stipulation of dismissal requires federal jurisdiction independent of the action that was settled unless a federal court incorporates the agreement in its order of dismissal or explicitly retains jurisdiction over the agreement.  *Shisinday v. Johnson*, 234 F.3d 28 (5th Cir. 2000); *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378, 381–82, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994); *SmallBizPros, Inc. v. MacDonald*, 618 F.3d 458, 460 (5th Cir.

---

[1] The undersigned notes that Giordano asserts that a subsection on his Sentence Monitoring Computation Data sheet still lists the incorrect statutes of conviction (18 U.S.C. § 2241 and § 2248).  However, the sheet he submits reflects his computation data as of June 9, 2022, six months before he filed his petition and a year before the Stipulation of Dismissal was executed.

3

2010). *Langley v. Jackson State Univ.*, 14 F.3d 1070, 1074 (5th Cir. 1994). Because the parties' stipulation of dismissal contained no such provision, this Court lacks jurisdiction to enforce the settlement agreement. *Peters v. Davis*, 857 F. App'x 840, 841 (5th Cir. 2021). That said, while Giordano characterizes his motion as an attempt to enforce a settlement agreement, both sides agree that Respondent has fully complied with the settlement terms concerning Giordano's FSA claim—the ***only*** claim asserted in his § 2241 petition. Accordingly, even if this Court retained jurisdiction, this claim is now moot. As to Giordano's remaining claims, the Court is without subject-matter jurisdiction as they do not impact the duration of his confinement or the constitutionality of his detention. *Kokkonen*, 511 U.S. 375. Indeed, as set forth below, although Giordano's FSA claim was properly brought under § 2241, Giordano's assertion that Respondent erred in failing to remove his Walsh Act/Sex Offender PSF designations and lower his PATTERN score fail to state a cognizable claim upon which §2241 relief can be granted.

## I.    Subject Matter Jurisdiction

A habeas corpus claim is properly brought when the issue being raised concerns the validity of the fact or duration of a conviction or sentence, rather than the conditions of the prison and confinement. *Nance v. Ward*, 597 U.S. 159, 160, 142 S. Ct. 2214, 213 L. Ed. 2d 499 (2022). When an inmate's challenge affects the timing of his release, habeas corpus is a proper instrument. *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997). If a favorable outcome to the case would not automatically entitle the prisoner to accelerated release, then habeas corpus is not the proper vehicle to raise the issue. *Id.*

4

*Falcetta v. Rosalez*, No. 23-50159, 2024 WL 890124, at *2 (5th Cir. Mar. 1, 2024)

(citation omitted); *Melot v. Bergami*, 970 F.3d 596, 599 (5th Cir. 2020)).

Relevant here, Giordano's challenge to his Sex Offender PSF designation is not

cognizable under § 2241 because it does not automatically entitle him to release, nor does

it go directly to the constitutionality of his confinement or its duration. *Pawlik v. Young*,

No. CIV.A.09-1860, 2010 WL 2428123, at *2 (W.D. La. May 19, 2010), *report and*

*recommendation adopted,* No. CIV.A. 09-1860, 2010 WL 2521368 (W.D. La. June 11,

2010). The BOP uses the PSF system as an aid to determine the level of security

necessary for a particular inmate to ensure the public's protection. *See* BOP Program

Statement 5100.08, Ch. 5, p. 8. An inmate's PSF only affects the security level of the

institution in which the inmate is confined and the rehabilitative programs the inmate

must partake in. *Id. Winston v. Young*, No. 5:14CV39, 2015 WL 9916168 (E.D. Tex.

Dec. 28, 2015), *report and recommendation adopted,* No. 5:14CV39, 2016 WL 310518

(E.D. Tex. Jan. 25, 2016), at * 2 (E.D. Tex. Dec. 28, 2015 (inmate's challenge to his sex-

offender PSF "implicate[d] the conditions and location of his confinement rather than the

fact or duration of his confinement"). *Gonzales v. Holder*, No. 5:13-CV-193 DCB MTP,

2014 WL 6680542, at *1 (S.D. Miss. Nov. 25, 2014); *see also Bazuaye v. Thompson*, 275

F.3d 55 (5th Cir. 2001) (§2241 habeas petition was properly dismissed where petitioner

claimed that the incorrect assignment of a deportable alien PSF rendered him ineligible

for possible early release through participation in a drug-treatment program, noting that

there is "no constitutionally protected liberty interest in early release for completion of

drug-abuse treatment").

Much like a PSF designation, an inmate's designation under the Walsh Act is not properly brought under habeas corpus because removal of the designation does not accelerate or entitle an inmate to release. *Jackson v. Pearson*, No. 5:10-CV-144-DCB-JMR, 2011 WL 3798638, at *1 (S.D. Miss. Aug. 25, 2011). An inmate's Walsh Act designation simply determines the treatment services the inmate will receive and whether he may be placed in a residential reentry center to serve the remainder of his sentence. *See* BOP Program Statement 5394.01, p. 3. The only effects of Giordano's Walsh Act designation are that (1) he will be reviewed by the BOP's Sex Offender Certification Review Branch ("SOCRB") between 18 and 24 months before his projected release date, July 29, 2032, and (2) he must be remain in at least a low-security correctional institution, rather than a minimum-security level facility, until his SOCRB review is completed. *Id.*

Likewise, Giordano's challenge to BOP's PATTERN score calculation fails to state a cognizable § 2241 claim. PATTERN is a predictive tool the BOP uses to estimate how likely an inmate is to reoffend upon release, scoring an inmate's risk of recidivism as "minimum," "low," "medium," and "high." Giordano, who currently has a PATTERN score of Minimum, claims his score would be lower if only the coding error had not occurred, and the designations had not been made. Setting aside the fact that, as Respondent notes, his PATTERN score cannot go any lower, there is no subject-matter jurisdiction over an assessment and classification process that Congress has entrusted to the authority of the BOP to design and implement. 18 U.S.C. § 3632(a). *See Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995) (district courts do not possess jurisdiction over BOP's custody classification); *Vang v. Eischen*, No. 23-CV-721 (JRT/DLM), 2023

WL 5417764 (D. Minn. Aug. 1, 2023), *report and recommendation adopted,* No. CV 23-721 (JRT/DLM), 2023 WL 5403793 (D. Minn. Aug. 22, 2023), at *4 (D. Minn., 2023 ("So while Mr. Vang purports to attack his PATTERN score, he does so 'because it allegedly precludes his desired change in the conditions of his confinement: transfer to home confinement.'"); *Kern v. Fikes*, No. 21-CV-2211 (WMW/LIB), 2022 WL 2959973, at *3 (D. Minn. June 16, 2022), *report and recommendation adopted,* No. 21-CV-2211 (WMW/LIB), 2022 WL 2953933 (D. Minn. July 26, 2022) (citation omitted).

Because Giordano's challenges to his Walsh Act/Sex Offender PSF designations and PATTERN score do not affect the length or constitutionality of his sentence, the Court has no jurisdiction under § 2241 to adjudicate his claims.

## II.    Petitioner's Walsh Act\ PSF Designations and PATTERN Score

Even if the Court were to reach the merits of Giordano's claims, Respondent submits that the designations are appropriate.  Though not asserted in his § 2241 petition, Giordano couches his designations and PATTERN score as "collateral effects" of BOP's offense coding error subject to the terms of the settlement agreement.  Specifically, he argues that correcting the error required removing the Walsh Act /Sex Offender PSF designations from his inmate profile and lowering his PATTERN score because his statutes of convictions were not sexual or violent offenses.  Not so.

As Respondent and BOP Counsel explain, the Walsh Act and PSF designations are not determined by the offense coding in an inmate's file.  Nor are they determined by an inmate's statute of conviction.  BOP Program Statement 5100.08 requires staff to apply the PSF Sex Offender designation when there is an indication in the presentence

report or other official documentation that behavior, including any sexual contact with a minor, occurred in the "current term of confinement or past criminal history." *Id.* BOP Program Statement 5394.01 similarly requires BOP staff to apply a Walsh Act designation, with or without a conviction, to inmates with a history of unlawful sexual conduct. Thus, although Giordano was not convicted of sexual offenses, BOP was entitled to rely on his underlying conduct to support the designations; his presentence report and the decisions affirming his convictions indicate that he repeatedly sexually abused his victims.[2] *See Giordano*, 442 F.3d at 35.

For these reasons, the undersigned recommends that the instant petition, styled as a "Motion Requesting the Court to Compel the Government to Correct Documents in Accordance with the Stipulated Agreement," be dismissed for lack of jurisdiction due to the Stipulation of Dismissal and lack of subject matter jurisdiction due to Giordano's failure to state an issue for which habeas corpus can provide relief.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Under Rule 72(a)(3) of the Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi,

---

[2] Giordano also claims that the application of the Walsh Act violated the Ex Post Facto Clause of the Constitution because the Act was enacted after he committed his offense. However, his Walsh Act designation did not increase the penalty for his offense. Accordingly, no Ex Post Facto Clause violation occurred. *See Vartelas v. Holder*, 566 U.S. 257, 132 S. Ct. 1479, 1489, 182 L. Ed. 2d 473 (2012) n. 7, 182 L.Ed.2d 473 (2012); *Reynolds v. Johnson*, 628 F. App'x 497 (9th Cir. 2015) (holding that the Adam Walsh Act " 'addresses dangers that arise post enactment' and therefore 'does not operate retroactively' ") (alterations omitted) *Alexander v. Wendt*, 127 F. App'x 695, 696 (5th Cir. 2005).

any party may serve and file written objections within 14 days after being served with a copy of this Report and Recommendation. Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation, will bar that party from attacking on appeal the unobjected-to-proposed factual findings and legal conclusions accepted by the district court, except upon grounds of plain error.  28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

Respectfully submitted on this, the 1st day of July, 2024.

s/ LaKeysha Greer Isaac
UNITED STATES MAGISTRATE JUDGE
